UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*FILED*
2011 APR 25  PM 5:14

CLERK
U.S. DISTRICT COURT
E.D.N.Y
AFTER HOURS DROP BOX

Index No.:

ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  APR 25 2011  ★

LONG ISLAND OFFICE

----------------------------------------------------------------X

SHUAY'B GREENAWAY,
SHARON KNIGHT,
AVERY KNIGHT

Plaintiffs,

- against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, "JOHN DOE" NASSAU COUNTY
POLICE OFFICERS, in their individual and official capacities,
VILLAGE OF HEMPSTEAD, INCORPORATED VILLAGE OF
HEMPSTEAD POLICE DEPARTMENT, "JOHN DOE"
VILLAGE OF HEMPSTEAD POLICE OFFICERS, in their
individual and official capacities,

Defendants.

----------------------------------------------------------------X

(S1)

COMPLAINT

CV 11 2024

SPATT, J.

TOMLINSON, M

JURY TRIAL DEMANDED

Plaintiffs, by their attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON,

as and for their complaint against defendants, respectfully state and allege, upon information and

belief, as follows:

PRELIMINARY STATEMENT

1.      This is a civil action for money damages against Defendants  COUNTY OF

NASSAU, NASSAU COUNTY POLICE DEPARTMENT, "JOHN DOE" NASSAU COUNTY

POLICE OFFICERS, in their individual and official capacities as police officers of the COUNTY

OF NASSAU, VILLAGE OF HEMPSTEAD, INCORPORATED VILLAGE OF HEMPSTEAD

POLICE DEPARTMENT and "JOHN DOE" VILLAGE OF HEMPSTEAD POLICE OFFICERS,

in their individual and official capacities,  committing acts under color of law and depriving Plaintiff

of rights secured under 42 U.S.C. §§1981,1983, 1985 and 1986, grounded in rights secured by the

United States Constitution, and laws of the United States.  Plaintiffs allege that defendants "JOHN

DOE" NASSAU COUNTY POLICE OFFICERS and "JOHN DOE" VILLAGE POLICE OFFICERS engaged in unlawful conduct including false arrest, false and unlawful imprisonment, excessive force, abuse of process, negligent and intentional infliction of emotional distress that resulted in physical and emotional harm, unlawful taking, property damages, psychological damages and damage to name and reputation. All acts were committed under the color of law and depriving Plaintiffs of rights secured by the Constitution and laws of the United States and the State of New York.

2.      Specifically, Plaintiffs allege that the Defendants, collectively and individually, negligently, wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive Plaintiffs of various Constitutional rights, pursuant to the above mentioned federal statutes and causes of action by committing acts under the color of law and depriving the Plaintiffs of rights secured by the Constitution and laws of the State of New York, which includes but is not limited to the denial of due process and equal protection under the law, cruel and unusual punishment, assault and battery, unlawful use of deadly and excessive force, negligence, intentional infliction of emotional distress, failure to properly train, negligent supervision, and failure to warn and educate, and medical malpractice/negligence in failing to provide proper medical care for plaintiff SHUAY'B GREENAWAY, in violation of 42 U.S.C. Sections 1981, 1983 (including Municipal Liability, and violations of the Fifth and Fourteenth Amendments of the United States Constitution), 42 U.S.C. Sections 1985 and 1986, and related state law claims as set forth below.

3.      Plaintiffs allege that the Defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD, were negligent in training, hiring and

supervising officers, thus leading to the unjustified unlawful conduct including false arrest, false and unlawful imprisonment, excessive force, abuse of process and intentional infliction of emotional distress that resulted in physical and emotional harm, unlawful taking, property damage, psychological damages and damage to name and reputation of SHUAY'B GREENAWAY, SHARON KNIGHT, AVERY KNIGHT ( hereinafter referred to as " the KNIGHT FAMILY").

4.      Plaintiff SHUAY'B GREENAWAY was illegally and unlawfully assaulted, abused, viciously kicked, punched, stomped, electrically shocked, tasered, handcuffed, restrained, made to fear for his life, made to suffer extreme physical pain and emotional distress, injured physically and mentally, detained, falsely arrested, falsely imprisoned, arrested, seized and searched, caused to suffer fear of death and otherwise harmed without just cause.   Claimant was SHUAY'B GREENAWAY made to suffer inhumane treatment, cruel and unusual punishment, and was deprived of his Constitutional and civil rights all without basis or reason, justification or any reason except because of their race and color race, mental disability and an intent to deprive Plaintiffs of their rights, and their knowledge that their conduct has the tacit authorization of  COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD.

5.      The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD used unjustified force on Plaintiff and deprived Plaintiffs of their civil and constitutional rights. COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD assaulted Plaintiff SHUAY'B GREENAWAY and subjected subjected him to numerous taser shots. NASSAU COUNTY POLICE OFFICERS and VILLAGE OF HEMPSTEAD

POLICE OFFICERS assaulted Plaintiffs SHARON AND AVERY KNIGHT by improperly manhandling Plaintiffs and pushing around Plaintiffs SHARON AND AVERY KNIGHT.

6.     Defendants had no legal basis for such deprivation of their rights and therefore, plaintiffs allege that COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD are liable for the false arrest, assault, battery and imprisonment on plaintiffs. Furthermore, the conduct of the NASSAU COUNTY POLICE OFFICERS and VILLAGE OF HEMPSTEAD POLICE OFFICERS resulted in a significant amount of damage to the residential property of SHARON AND AVERY KNIGHT.

7.     Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD as part of a pattern, practice and custom,  failed to properly investigate, supervise and discipline the actions of Defendant POLICE OFFICERS before, during and after the improper conduct towards Plaintiffs.

8.     Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD were negligent in training, hiring and supervising Defendant POLICE OFFICERS JOHN DOES, thus leading to the unjustified excessive force, assault, and property damage.

9.     The Plaintiffs further allege the Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD had a to duty train, supervise and discipline police officers, including the Defendant police officers, and were negligent in their training, hiring, supervising and disciplining of POLICE OFFICERS JOHN DOE 1 - 9.

10.     Upon information and belief, Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD have ignored, condoned, permitted and perpetuated a pattern of POLICE OFFICERS using unlawful excessive force, taser-gun shocking, and abuse of process of mentally disabled persons and/or African-Americans, thus constituting an unofficial policy, custom and practice, through such acts as (i) failing to properly investigate such incidents of excessive force, (ii) failing to properly train and/or discipline the officers involved in such incidents, (iii) prematurely and categorically siding with police officers involved in such incidents prior to any investigation, with the foreseeable result that the police officers of the NASSAU COUNTY POLICE DEPARTMENT and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, including Defendant JOHN DOE POLICE OFFICERS, would be/are encouraged to believe that they can violate the rights of persons such as Plaintiff SHUAY'B GREENAWAY, with impunity.

11.     The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD used their authorities to deprive the Plaintiffs of federally protected rights under §1983, with a callous disregard for the consequences of their actions, condoned and encouraged such civil rights violations by denying rights of Plaintiffs. It is for these and other wrongful and unlawful acts by Defendants, who knew, should have known, or should have become aware, that the force used against Plaintiffs was excessive, that there was no merit or justifiable reason for the use of any force, that such force led to damage of Plaintiffs' reputations, embarrassment, severe emotional distress, loss of career opportunities, costs and attorneys' fees and physical traumas that require

Plaintiffs to be treated continuously in the future.

12.     Plaintiffs further allege that Defendants, individually and collectively, were negligent, reckless, indifferent and/or intentionally breached their duties and legal obligation with respect to their interactions with and treatment of Plaintiffs described herein, which directly caused the injuries of Plaintiffs, and Plaintiffs seek, including but not limited to as follows:  actual, consequential, enhanced, exemplary and punitive  damages,  costs and expenses, and attorneys' fees.

JURISDICTION

13.     The jurisdiction of this Court is invoked under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

14.     That all conditions precedent to instituting the lawsuit have been complied with in a timely manner.

15.     Venue in the Eastern District of New York is proper under 28 U.S.C. § §1391(b). The cause of action arose in the Eastern District of New York. Plaintiffs reside in Nassau County.

16.     On or about July 22, 2010, Plaintiff served a Notice of Claim on Defendants alleging various acts of assault, Battery, unnecessary and excessive use of force, false imprisonment, false arrest, abuse of process, failure to render medical treatment, negligence, negligent hiring and supervision, unlawful search and seizure, defamation, abuse of process, property damage, intentional infliction of emotional distress, negligent infliction of emotional distress, cruel and unusual punishment, and violation of civil rights of Claimants' SHUAY'B GREENAWAY, SHARON

KNIGHT, and AVERY KNIGHT, and for other wrongful and improper acts. actions and failures of the NASSAU COUNTY and VILLAGE OF HEMPSTEAD, their agents, departments, employees, hires and servants.

PARTIES

17.     Plaintiffs, SHARON KNIGHT, AVERY KNIGHT and SHUAY'B GREENAWAY are natural persons, of African-American descent, who reside in the County of Nassau, State of New York, at all times relevant herein were citizens of the United States

18.     Upon information and belief, Defendant COUNTY OF NASSAU (hereinafter referred to individually as "the COUNTY") and NASSAU COUNTY POLICE DEPARTMENT (hereinafter referred to individually as "the POLICE DEPARTMENT") (hereinafter collectively referred to as "the COUNTY DEFENDANTS") were and are duly constituted municipal corporations of the State of New York existing and operating under and by the virtue of the laws of the State of New York..

19.     Upon information and belief, NASSAU COUNTY POLICE DEPARTMENT OFFICERS JOHN DOES ( hereinafter referred to individually as "the POLICE OFFICERS") were at all times herein mentioned police officers, employed by the COUNTY and/or POLICE DEPARTMENT, and were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, polices, customs and usages of the State of New York.

20.     Upon information and belief, Defendant VILLAGE OF HEMPSTEAD (hereinafter referred to individually as "the VILLAGE") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of

New York..

21.     Upon information and belief, and "JOHN DOE" VILLAGE OF HEMPSTEAD POLICE OFFICERS( hereinafter referred to individually as "the VILLAGE OFFICERS") were at all times herein mentioned police officers, employed by the COUNTY and/or POLICE DEPARTMENT, and were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, polices, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

22.     Plaintiffs, KNIGHT FAMILY, reiterate and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as set forth herein.

23.     SHARON KNIGHT is the biological mother of SHUAY'B GREENAWAY and AVERY KNIGHT is the step father of SHUAY'B GREENAWAY.

24.     In or around 2002, SHUAY'B GREENAWAY was diagnosed with and treated for Bi-Polar Disorder.

25.     On April 25, 2010, Plaintiffs SHARON AND AVERY KNIGHT resided at 218 Amherst Street, Hempstead, NY 11550, a property which they owned.

26.     On April 25, 2010, Plaintiff SHUAY'B GREENAWAY resided at 221 Amherst Street, Hempstead, NY 11550, which is also a property owned by Plaintiffs SHARON AND AVERY KNIGHT.

27.     On April 25, 2010, VILLAGE DEFENDANTS AND COUNTY DEFENDANTS arrived at 221 Amherst Street, the then residence of SHUAY'B GREENAWAY, in response to a 911

call in conjunction with an EMS call made by Plaintiffs SHARON KNIGHT and AVERY KNIGHT, requesting assistance with Plaintiff SHUAY'B GREENAWAY, a mentally-disabled person.

28.     At the time that the VILLAGE DEFENDANTS AND COUNTY DEFENDANTS arrived at the residence, SHUAY'B GREENAWAY was in the process of painting his bathroom on the second floor of his residence.

29.     Prior to the 911 call being made, Plaintiff AVERY KNIGHT notified Hempstead Police Officer John Doe "1" that his stepson SHUAY'B GREENAWAY was decompensating and he needed medical treatment. During this conversation, Plaintiff AVERY KNIGHT specifically requested that the Hempstead Police officers not hurt his stepson SHUAY'B GREENAWAY.

30.     Upon arrival to Plaintiff SHUAY'B GREENAWAY's home, the Defendants including Hempstead Police Officer John Doe "1" failed to properly investigate the matter and failed to take the necessary and reasonable steps to provide the requested medical treatment and ensure Plaintiff SHUAY'B GREENAWAY's safety.

31.     Despite their request to assist Defendants with Plaintiff SHUAY'B GREENAWAY, SHARON KNIGHT and AVERY KNIGHT were physically and forcefully pushed out of their son's bedroom, followed by Defendants locking the door to prevent them from coming to their son's assistance.

32.     Immediately after Defendants started to become hostile, Plaintiffs SHARON KNIGHT and AVERY KNIGHT consistently requested that the Defendants leave their home and begged the Defendants not to hurt their son as he was not a danger to anyone or himself.

33.     Despite Defendants' observation of SHUAY'B GREENAWAY's calm and non-confrontational demeanor while painting the bathroom, the Defendants, Defendants kicked down the

bathroom door to gain access to Plaintiff SHUAY'B GREENAWAY, at which time an Officer John Doe said "Fuck this" and tasered Claimant SHUAY'B GREENAWAY a number of times.

34.     The numerous shocks from the Taser(s) that Plaintiff SHUAY'B GREENAWAY was subjected to caused him to feel as though his skin was on fire which resulted in Plaintiff SHUAY'B GREENAWAY's removal of his clothes.

35.     Immediately afterwards, Plaintiff SHUAY'B GREENAWAY found himself covered with wet paint, at which time Defendants proceeded to repeatedly shock SHUAY'B GREENAWAY with Taser(s) all over his body despite SHUAY'B GREENAWAY's constant screams and calls for help.

36.     On April 25, 2010, TASER guns were being used on the body and person of Plaintiff SHUAY'B GREENAWAY. Specifically, on April 25, 2010, the aforesaid *TASER GUN(S),* were deployed and operated by members of the Defendant POLICE DEPARTMENT, by pointing and shooting at, and/or depressing the hand held weapon directly against the body and person of SHUAY'B GREENAWAY, as the intended target of the weapon.

37.     On April 25, 2010, the Defendant POLICE OFFICERS, acting with weapons given to them by the Defendant COUNTY OF NASSAU and/or VILLAGE OF HEMPSTEAD POLICE DEPARTMENTS, utilized the aforesaid TASER guns at least five (5) separate times, including contact and /or near contact by POLICE OFFICERS directly onto the body of SHUAY'B GREENAWAY, leaving third-degree burns and with each deployment issuing an electrical charge of 50,000 volts to the body of SHUAY'B GREENAWAY.

38.     Plaintiffs SHARON KNIGHT and AVERY KNIGHT were able to hear their son's cries and pleas for help, however, were denied the opportunity to witness or assist their son

SHUAY'B GREENAWAY who was being subjected to excessive force by Defendants, despite their numerous requests and attempts.

39.     Subsequently, Defendants dragged Plaintiff SHUAY'B GREENAWAY out of the bathroom area while naked, handcuffed, unconscious and completely covered in paint and wrapped in a white sheet. Plaintiff was then dragged out of the house and placed on a stretcher and taken to the Hospital and Psychiatric Ward by Defendants.

40.     On or about April 25, 2010, in the mid-afternoon, despite the cooperation of the entire KNIGHT FAMILY with the VILLAGE DEFENDANTS   and   the   COUNTY DEFENDANTS' investigation of the request made for medical assistance to the POLICE DEPARTMENT through a 911 call, Defendant POLICE OFFICERS subjected Plaintiffs' house to an unlawful search and seizure of their property, without Plaintiffs' consent or warrant prior to conducting the search.  Further Defendant POLICE OFFICERS caused an extreme amount of damage to the property as a result of the Defendant POLICE OFFICERS' unreasonable search.

41.     Plaintiff SHUAY'B GREENAWAY sustained, severe, permanent and painful physical damages and injuries including but not limited to personal injuries to his body and mind, unnecessary and unwanted pain and suffering, violation of civil rights, permanent damage to reputation and standing in the community, loss of comfort, property damage, support, extreme mental and emotional harm and stress, loss of earnings, impairment of earning power, exacerbation of his medical condition and other injuries not yet fully ascertained.

42.     Plaintiffs SHARON KNIGHT and AVERY KNIGHT sustained, severe, permanent and painful physical damages and injuries including but not limited to personal injuries to their minds, unnecessary and unwanted pain and suffering, violation of civil rights, permanent damage

to reputation and standing in the community, loss of comfort, property damage, support, extreme mental and emotional harm and stress, loss of earnings, impairment of earning power, and other injuries not yet fully ascertained.

43.     On said date, although Plaintiffs had committed no crime nor broken any law, exhibited no assaultive behavior, nor drug or weapon possession, nor made any threatening gestures towards Defendants "JOHN DOE" NASSAU COUNTY POLICE OFFICERS and "JOHN DOE" VILLAGE POLICE OFFICERS, said officers used excessive force on Plaintiffs and with no justifiable explanation and caused a significant amount of property damage to their residential property with no basis, causing Plaintiffs great physical and emotional injuries, including but not limited to, fear, anxiety, exacerbation of prior mental condition, paranoia, scarring, bruising, swelling, among other things.

44.     Plaintiff SHUAY'B GREENAWAY was hospitalized immediately following the incident on April 25, 2010.

45.     Immediately prior to being hospitalized, Plaintiff SHUAY'B GREENAWAY was taken to the Emergency Room by Defendants, at which time, Defendant Officers mocked and ridiculed Plaintiff, which included but is not limited to Defendants taking pictures of Plaintiff with their cellular phones.

46.     Upon being released from the Hospital, Plaintiff SHUAY'B GREENAWAY was again harassed and intimidated by the "JOHN DOE" VILLAGE POLICE OFFICERS in front of his local gym and in front of his residence.

47.     As a direct and obvious consequence of the Collective Defendants' wrongful actions and official violations of 42 U.S.C. § 1983, Defendants impeded Plaintiffs of their rights in this

Complaint herein and caused emotional, physical and mental harm to the extent of which Plaintiffs

suffer including but not limited to actual, compensatory, advanced, special and punitive damages.

48.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN

MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - Fourteenth Amendment Violations

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶

1through 48 of this complaint with the same force and effect as though fully set forth herein.

50.     The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE

DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT,

and VILLAGE OF HEMPSTEAD, acting under color of law and powers proscribed to them by the

United States Constitution, federal and state laws, violated the Fourteenth Amendment and 42 U.S.C.

Section 1983, by subjecting the Plaintiffs, to unequal treatment under the law, by way of their false

arrest, excessively harsh brutality, unduly forceful attempts at restraint, and excessive use of brutal

and lethal force, when compared to the type and degree of restraint and/or force applied to non-

disabled persons with whom they come into contact, who do not suffer from mental illness.

51.     Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE

DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT,

and VILLAGE OF HEMPSTEAD failed to provide due process of law and/or equal protection of

the Plaintiff SHUAY'B GREENAWAY, when compared to those rights of a non-disabled person,

in that said Defendants failed to provide SHUAY'B GREENAWAY and his family with the same

level of investigation, discipline and/ or action taken to redress the wrongs visited upon SHUAY'B

GREENAWAY, as such Defendants would exercise and provide after an emergency call made on behalf of a non-disabled person who did not suffer from mental illness.

52. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD were further disparate in their treatment of the mentally ill/mentally disabled, and were reckless, negligent and/or deliberately indifferent in their training, hiring and supervision of their police officers, including Defendant Officers, with respect to the use of force against mentally ill and other minority persons, the inquiry of mentally disturbed and/or minority persons, the bringing of charges against mentally disturbed and/or minority persons and the recognition and preservation of the civil and constitutional rights of mentally disturbed and/or minority persons.

53. The VILLAGE and COUNTY DEFENDANTS promoted and enabled procedures permitting the type of actions taken by Defendant POLICE OFFICERS, which resulted in the violation of SHUAY'B GREENAWAY and family's constitutional and civil rights, and which further physically harmed him. Defendants VILLAGE and COUNTY DEFENDANTS failed to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the violation of SHUAY'B GREENAWAY's constitutional and civil rights, as well as physical harm to him.

54. As a result of the actions and failures of Defendants VILLAGE and COUNTY DEFENDANTS, the Defendant JOHN DOE POLICE OFFICERS did not employ appropriate procedures to physically safeguard SHUAY'B GREENAWAY a mentally aided person, especially

with respect to their preparation for and initial contact with him, attempts to falsely arrest him, contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, failure to call for back-up, special units and /or supervisors who were experienced with addressing the mentally aided, use of excessive force, use of deadly force, and failure to employ the assistance of family and friends on premises, to obtain SHUAY'B GREENAWAY's cooperation and to minimize the escalation of inappropriate physical force used against him.

55.    Defendants VILLAGE and COUNTY DEFENDANTS had a duty to investigate and discipline its police officers for misconduct, including any of the Defendant POLICE OFFICERS, with respect to their use of force against mentally ill and minority persons, their inquiries of minority persons, the bringing of charges against mentally ill and minority persons and the recognition and preservation of the civil and constitutional rights of minority persons.

56.    The aforesaid Defendants provided such a lack of equal protection to the mentally ill Plaintiff SHUAY'B GREENAWAY based upon their disdain and/or disregard for the rights of the mentally ill, and based upon a wanton prejudice towards such persons. Said acts violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and further violate 42 U.S.C. Section 1983.

57.    As a direct result of the above acts and omissions, the Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD caused direct physical and emotional injuries to SHUAY'B GREENAWAY, and have caused him and his family to suffer, including pain and suffering, physical trauma, emotional trauma and death.

58.     As a direct result of the above acts and omissions, the Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, and VILLAGE OF HEMPSTEAD, further caused intense physical and emotional suffering to SHUAY'B GREENAWAY.  Said acts further caused intense emotional distress, loss of consortium, comfort and companionship, loss of benefits and services of a pecuniary nature, and other such pain and suffering for SHARON KNIGHT and AVERY KNIGHT, for the mistreatment of their son, and caused grief, sadness, depression, and anger, with resultant effects on Plaintiffs' physical health and well-being.

59.     All of the above referenced Defendants took the above actions under color of law, acting in both their individual and official capacities, in using excessive and unreasonable force by numerous  police officers, to restrain the unarmed, emotionally fragile decedent, SHUAY'B GREENAWAY.

60.     The excessive and unreasonable force, along with improper restraining of Plaintiff and other wrongful acts conducted against the Plaintiff SHUAY'B GREENAWAY based on SHUAY'B GREENAWAY'S mental illness, including but not limited to acts taken by Defendant Officers and the entity Defendants, constituted a violation of Plaintiffs' decedent's rights, secured by the Fourteenth Amendment to the United States Constitution, to be guaranteed the same procedural and substantive protections and safeguards, and the same standard of reaction by police officers as that given in a comparable situation, involving the restraint of a non-mentally disabled person by Defendant POLICE OFFICERS.

61.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state and federal laws, Plaintiffs' decedent was deprived of his freedom and life, was made to

suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers until he was caused to surrender to his wounds and die.

62.     That by reason of the foregoing, Plaintiff s have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - Excessive Use of Force

63.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 62 of this complaint with the same force and effect as though fully set forth herein.

64.     The accusations of wrongful actions against Plaintiffs' decedent were false and were an attempt to cover up the brutal beating, kicking, stomping and *TASER GUN* shooting which had been inflicted on Plaintiffs' decedent by Defendant OFFICERS.

65.     The vicious beating, electrocution, and other wrongful acts and level of physical force conducted against the Plaintiff SHUAY'B GREENAWAY by Defendants, including, but not limited to Defendant Officers, constituted unreasonable, unnecessary and excessive use of force by a police officer, far beyond any potential alleged threat perceived by SHUAY'B GREENAWAY. Defendant POLICE OFFICERS failed to utilize a less forceful, more appropriate level of force such as restraining SHUAY'B GREENAWAY until he could be medicated.  As such, Defendants were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiffs

-17-

to vicious and fatal police actions, but failed to prevent same and breached their duty.  Said acts violate the Fourteenth and Fourth Amendment, and 42 U.S.C. Section 1983.

66.     Defendants NASSAU COUNTY OFFICERS and VILLAGE OFFICERS further used unnecessary, excessive and deadly force against SHUAY'B GREENAWAY without lawful justification, by failing to utilize such safer and more appropriate use of force against the mentally ill, African-American SHUAY'B GREENAWAY, failed to use or promulgate procedures and/or monitor and enforce compliance with established policies and procedures, for the handling of mentally ill or emotionally disturbed persons, which resulted in the excessive force / violation of SHUAY'B GREENAWAY'S constitutional and civil rights, as well as physical harm to him.

67.     As a result of the actions and failures of Defendants NASSAU COUNTY OFFICERS and VILLAGE OFFICERS, the Defendant POLICE OFFICERS did not employ appropriate measures of force to contain and physically safeguard SHUAY'B GREENAWAY, a mentally aided person, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, failure to call for back-up, special units and /or supervisors who were experienced with addressing the mentally aided, and resultant use of unreasonable force for the situation of restraining the unarmed SHUAY'B GREENAWAY, use of deadly force, and failure to employ the assistance of family and friends on premises, to obtain SHUAY'B GREENAWAY's, cooperation and to minimize the escalation of inappropriate, excess and deadly physical force used against him.

68.     As a consequence of the Defendants' use of unnecessary force and Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiffs' decedent was

deprived of his freedom and life for ever, was seriously physically injured, and was subjected to great

fear and terror and personal humiliation and degradation, and suffered great physical pain and

impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant

Officers and the other Defendants.

69.    As a consequence of the Defendants' use of deadly force and Defendants' wrongful

actions, negligent behavior and violation of state and federal laws, Plaintiffs' decedent SHUAY'B

GREENAWAY SHARON KNIGHT AND AVERY KNIGHT subjected to great emotional trauma,

grief, loss of consortium and companionship of his son, pain and suffering, emotional distress and

resultant health complications.

70.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN

MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are

entitled to, damages sustained to date and continuing as well as punitive damages, costs and

attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR A THIRD COUNT
### 42 U.S.C.§ 1983 MUNICIPAL VIOLATIONS

71.    The Plaintiffs repeat, reiterate and reallege each and every allegation contained

in ¶¶ 1 through 70 of this complaint with the same force and effect as though fully set forth herein.

72.    Prior to April 25, 2010 and in the time since said date, the Defendants COUNTY OF

NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF

HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD have permitted, tolerated

and condoned a pattern and practice of unjustified, unreasonable and illegal uses of force, beatings

and uses of weapons against civilians by police officers of the INCORPORATED VILLAGE OF

HEMPSTEAD POLICE DEPARTMENT   and/or the   NASSAU COUNTY POLICE DEPARTMENT and other local Police Departments within the jurisdiction of the Nassau County Police Department.  Although such beatings, illegal uses of force and use of weapons (including TASER GUNS) were improper, the officers involved were not seriously prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with false, premature, official claims that the beatings, uses of force and uses of weapons were justified and proper.

73.    As a result of the above pattern of acts and omissions, the Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD and other police officers within their jurisdiction were caused and encouraged to believe that (a) civilian persons could be beaten or abused or killed, under circumstances not requiring the use of excessive force, and (b) that such beatings and / or use of excessive force and /or deadly force would in fact be permitted by the Defendant COUNTY and its branches, and would systematically be  overlooked by the Defendants Medical Examiners' Office.

74.    In addition to permitting a pattern and practice of improper beatings and abuses of civilian persons, Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD have failed to maintain a proper system for investigation of all incidents of unjustified beatings, shootings and excessive use of force by police officers.

75.    The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD have failed to respond to the continuing and urgent need to prevent, restrain and

discipline police officers who wrongfully beat, use excessive force and abuse civilian persons.

76.     The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD have maintained a system of review of unjustified beatings, shootings and excessive use of force by police offices that has failed to identify the improper brutality by police officers and failed to subject officers who shot, beat and/or brutalized citizens to discipline, closer supervision or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

77.     Upon information and belief, specific systemic flaws in the COUNTY and VILLAGE brutality review process include, but are not limited to, the following:

    a.      Preparing reports regarding investigations of beatings and shooting incidents as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

    b.      Police Officers investigating beating and shootings  systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

    c.      Police officers investigating beatings/shootings fail to include in their reports relevant factual  information which would tend to contradict the statements of the police officers involved;

    d.      Supervisory police officers at times issue immediate public statements, exonerating police officers for excessive use of force and improper beatings and use of unnecessary and excessive force, before the investigation of the incident by the police department has been completed;

    e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are  frequently permitted to be drawn on the basis of clearly incorrect or contradictory information, without proper review of medical, forensic and witness information.

78.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and VILLAGE caused the Defendant POLICE OFFICERS JOHN DOES to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

79.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants JOHN DOE VILLAGE AND COUNTY POLICE OFFICERS unjustifiably electrically shocked, kicked, stomped, attacked, beat and brutalized Plaintiff SHUAY'B GREENAWAY, all in violation of his civil and constitutional rights and he has suffered physical injury, psychological harm, mental distress, humiliation, embarrassment, fear, and being prevented from attending his usual duties and life.

80.     Defendants   COUNTY   OF   NASSAU,   NASSAU   COUNTY   POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD were reckless, negligent or deliberately indifferent in their training, hiring and supervision of their police officers, including Defendant Officers, with respect to the use of force against mentally ill and other minority persons, the inquiry of minority persons, the bringing of charges against minority persons and the recognition and preservation of the civil and constitutional rights of minority persons.

81.     Defendants   COUNTY   OF   NASSAU,   NASSAU   COUNTY   POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD promoted and enabled procedures permitting the type of actions taken by Defendant POLICE OFFICERS, which resulted in the violation of SHUAY'B GREENAWAY'S

constitutional and civil rights and physically harmed him. Defendants COUNTY and VILLAGE failed to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the violation of SHUAY'B GREENAWAY'S constitutional and civil rights, as well as physical harm to him.

82.     As a result of the actions and failures of Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, the Defendant JOHN DOE POLICE OFFICERS did not employ appropriate procedures to physically safeguard SHUAY'B GREENAWAY, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, use of excessive force, use of deadly force, and failure to employ the assistance of family and friends on premises to obtain SHUAY'B GREENAWAY'S cooperation and to minimize the escalation of inappropriate physical force used against him.

83.     Defendants  COUNTY   OF   NASSAU,   NASSAU   COUNTY   POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD  had a duty to investigate and discipline its police officers for misconduct, including any of the Defendant JOHN DOE POLICE OFFICERS, with respect to their use of force against mentally ill and minority persons, their inquiries of minority persons, the bringing of charges against mentally ill and minority persons and the recognition and preservation of the civil and constitutional rights of minority persons. Defendants acts and omissions accordingly constituted a municipal policy of unequal protection and denial of due process, in violation of 42

U.S.C. Section 1983.

84.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN

MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and is

entitled to, damages sustained to date and continuing as well as punitive damages, costs and

attorney's fees against the Defendants, to be held jointly and severally liable.

### AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 ALTERNATE LIABILITY OF THE
### COUNTY OF NASSAU AND VILLAGE OF HEMPSTEAD

85.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1

through 84 of this complaint with the same force and effect as though fully set forth herein.

86.     The COUNTY DEFENDANTS and VILLAGE DEFENDANTS are directly liable

for the constitutional violations that PLAINTIFFS suffered in that COUNTY DEFENDANTS and

VILLAGE DEFENDANTS  hired and retained officers who, acting within the course and scope of

power and authority conveyed to the officers by Defendants COUNTY and VILLAGE, violated the

constitutional rights of Plaintiffs.

87.     Plaintiffs acknowledge that *respondeat superior* is not now a basis for COUNTY and

VILLAGE liability under existing law.  Plaintiffs submit that there exists a good faith argument for

the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County

Commissioners of Bryan County, Oklahoma v. Jill Brown et al., [520 U.S. 397, 117 S.Ct. 1382

(1997)], and based upon the literature addressing this issue.

88.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws,

policies and customs of the COUNTY and VILLAGE DEFENDANTS and the other defendants

unjustifiably mistreated, illegally arrested and wrongfully detained the plaintiffs.  All in violation of

the plaintiffs' civil and constitutional rights and he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to reputation. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the laws of the State of New York.

89.     That by reason of the foregoing, Plaintiffs have been placed in fear of their lives, exposed to disgrace, public humiliation and embarrassment and have been damaged in the sum of Ten Million dollars ($10,000,000.00).

## AS FOR A FIFTH COUNT
### 42 U.S.C. § 1981

90.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1 through 89 of this Complaint with the same force and effect as though fully set forth herein.

91.     Plaintiff SHUAY'B GREENAWAY, was an African-American male and a citizen of the United States.

92.     The Defendants, collectively and individually, each in their individual and/or official capacity, by way of their unlawful acts and omissions set forth and alleged in the proceeding paragraphs, violated the right of Plaintiffs to be subject to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. Specifically, by way of their assault on Plaintiffs SHARON KNIGHT and AVERY KNIGHT AND brutalization, electric shocking, excessive and deadly police force, denial of proper medical treatment, and other such acts, each and every one of the Defendants further denied Plaintiff SHUAY'B GREENAWAY, the right to be subject to like punishment, pains, and penalties as those visited upon white persons.

-25-

93.     Each of the Defendants knew Plaintiff's decedent's race and color, and each Defendant deprived SHARON KNIGHT, AVERY KNIGHT and SHUAY'B GREENAWAY of such rights to equal treatment, equal opportunities of due process as those afforded to white persons in comparable situations, and equal security in his personhood and welfare.

94.     The Defendants deprived SHARON KNIGHT, AVERY KNIGHT and SHUAY'B GREENAWAY of the aforesaid constitutional rights to equal treatment, based in part upon their race as an African-American and color of black.

95.     As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, SHARON KNIGHT, AVERY KNIGHT and SHUAY'B GREENAWAY were deprived of their freedom, was injured by the Defendants, was subjected to unlawful search and seizure, was subjected to mental anguish, conscious pain and suffering, and suffered great fear, physical pain, personal humiliation and degradation.  All of these rights to be free of such unlawful, race-based treatment are secured to Plaintiff by provisions of the due process clause of the Fifth and Fourteenth Amendment; the equal protection clause and the Fourth Amendments to the United States Constitution as well as the protections afforded under 42 U.S.C. §1981.

96.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AND AS FOR A SIXTH COUNT
### 42 U.S.C. § 1985

97.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1 through 96 of this Complaint with the same force and effect as though fully set forth herein.

98.     Each and every one of the above captioned Defendants, acting under color of law, individually and collectively, by way of their actions, omissions and conduct as alleged and set forth in the proceeding paragraphs, did expressedly and impliedly conspire to deprive Plaintiffs of their Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully assault, electrically shock and brutalize, wrongfully restrain, unlawfully beat, falsely arrest, falsely imprison, deny proper medical care to SHUAY'B GREENAWAY and assault, harass, annoy and cause physical damage to Plaintiff SHARON and AVERY KNIGHT's property.

99.     Thereafter, all of said Defendants acted in further concert, to withhold information, impeded prosecution of suit, and act in other such ways as to conceal the Defendants' unlawful acts and deprivation of constitutional and statutory rights secured to Plaintiffs.

100.    In furtherance of said conspiracy, the Defendants COUNTY and VILLAGE DEFENDANTS have failed to investigate, punish or otherwise redress the wrongs committed by the Defendant JOHN DOE POLICE OFFICERS. Said actions by Defendants COUNTY and VILLAGE DEFENDANTS, further denied the Plaintiffs of Due Process, and denied them the equal protection under the law, based upon the Plaintiffs' race, color and mental disability/status as a mentally aided person. All of these rights are guaranteed to the Plaintiff under U.S.C. §§'s 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

-27-

101.    Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law, and each of the Defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff's decedent of the aforementioned constitutional rights and privileges under the law.

102.    As a result of said conspiracy by the Defendants, the Plaintiffs have been subjected to unnecessary pain and suffering, injury without lawful justification, and further suffered severe injuries immediately, including conscious pain and suffering, humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being shocked, kicked, punched, stomped, beaten, brutalized, handcuffed, and subsequently denied proper medical treatment.

103.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable

### AND AS FOR A SEVENTH COUNT
### 42 U.S.C. § 1986

104.    The Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 103 of this Complaint with the same force and effect as though fully set forth herein.

105.    Each of the Defendants knew or should have known that the assault, battery, false arrest, wrongful seizure, excessive force, beating, brutalizing of Plaintiff SHUAY'B GREENAWAY, without lawful justification, and denial of proper medical treatment based in part on race and in part due to animus towards Plaintiff decedent's status as a person with a mental

-28-

disability, violated his civil rights to due process and equal protection under the law as guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

106.   Each of the aforesaid Defendants had the authority, ability and concurrent duty under 42 U.S.C. §1986 to prevent the April 25, 2010 assault, battery, false arrest, wrongful seizure, excessive force, beating, and brutalizing Plaintiff SHUAY'B GREENAWAY, SHARON KNIGHT and AVERY KNIGHT and to further prevent the ongoing cover-up of said events, which continues and is ongoing as of the date of this complaint.  Yet, the Defendants, each acting individually and collectively, neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff's decedent, when such violations did in fact occur.

107.   The Defendants' failure to stop the aforesaid wrongful actions, as set forth in the proceeding paragraphs, constitutes a breach of their duty to do so under U.S.C. §1986.

108.   As a result of the failure of the above stated Defendants to prevent the known violations stated above, the Plaintiffs suffered extreme fear, personal humiliation and degradation, emotional and psychological harm, physical injury and conscious pain and suffering from the acts of the Defendants.

109.   That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR AN EIGHTH COUNT
### NEGLIGENCE

110.    Plaintiffs repeat, reiterate, and reallege the allegations set forth in ¶¶ 1 through inclusive, of this complaint, with the same force and effect as though herein fully set forth.

111.    In the acts complained of herein, and in allegedly attempting to restrain the unarmed SHUAY'B GREENAWAY, the Defendant JOHN DOE POLICE OFFICERS acted negligently, in that they had a duty to act reasonably and responsibly and not to act in a manner which would cause injury to SHUAY'B GREENAWAY. Defendant Officers breached said duty to act with reasonable care, prudence, and caution, when they unnecessarily shocked, beat, and otherwise abused Plaintiffs' decedent for approximately one hour, in such a way that summarily caused his death.

112.    Defendant Officers further had a duty to act as would prudent police officers, by not taking actions which would endanger the health and safety of SHUAY'B GREENAWAY. and other persons similarly situated, had a duty to act within the scope of their authority, and to use reasonable precaution and not to using excessive force or otherwise violating the Constitutional and civil rights of Plaintiffs' decedent. Defendant Officers, in their actions, breached those duties.

113.    In derogation of their duty, and with deliberate indifference, malice and recklessness, Defendant JOHN DOE POLICE OFFICERS failed to heed the advices of the persons who had summoned them to the premises and who greeted and provided them access to SHUAY'B GREENAWAY at the premises, with respect to the mental state of SHUAY'B GREENAWAY who was, at that time, suffering from the symptoms of his disease/disability and was in the process of decompensating.

114.     In further derogation of their duty, Defendant JOHN DOE POLICE OFFICERS failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons suspected to be or who are actually mentally ill or emotionally disturbed or, alternately, Defendants COUNTY and VILLAGE failed to develop and implement adequate policies to establish appropriate handling by its police officers of aided persons who are mentally ill or emotionally disturbed.

115.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

### AND AS FOR A NINTH COUNT
### FALSE ARREST AND FALSE IMPRISONMENT

116.     Plaintiffs repeat and reiterate and re-allege each and every allegation contained in paragraphs 1 through 115 of this complaint, with the same force and effect as though fully set forth herein.

117.     The COUNTY and Defendant VILLAGE lacked any probable cause to restrain, hold and detain Plaintiff SHUAY'B GREENAWAY in custody for any period of time, no less the prolonged period of custody during which time Plaintiff was handcuffed while being taken out of the his own residential premises, despite having been subdued, injured and barely conscious at said time and subsequently the premises of the Hospital.

118.     Without such probable cause, Defendant POLICE OFFICERS wrongfully used physical force to detain Plaintiff SHUAY'B GREENAWAY in handcuffs and in police custody

-31-

while being transported to the Hospital, namely, the Nassau University Medical Center. Upon information and belief, Plaintiff SHUAY'B GREENAWAY was further handcuffed and surrounded by officers in a room, and kept there under the supervision and knowledge of the COUNTY AND VILLAGE POLICE DEPARTMENTS, despite his being symptomatic of his mental disease, and not acting in an unlawful manner.

119. The false arrest and false imprisonment of Plaintiff SHUAY'B GREENAWAY not only a violated Plaintiff's civil rights under federal law, but violated his rights under the laws of the State of New York, which are herein invoked. This false arrest and false imprisonment were brought about and caused by the actions of Defendant JOHN DOE POLICE OFFICERS and the same were a clear and intentional abuse of process, causing Plaintiff's severe damage.

120. As a result of said false arrest, false imprisonment and continued false arrest, including being transported to Nassau University Medical Center in handcuffs and with JOHN DOE POLICE OFFICERS present, Plaintiff's ability to receive proper medical help was compromised by the Defendants, and Plaintiff SHUAY'B GREENAWAY was caused to suffer pain, great emotional and psychological harm, anxiety, personal fear, and damage.

121. That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AND AS FOR A TENTH COUNT
### ASSAULT AND BATTERY

122.    Plaintiffs repeat and reiterate and re-allege each and every allegation contained in paragraphs 1 through 121 of this complaint,  with the same force and effect as though fully set forth herein.

123.    The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and VILLAGE OF HEMPSTEAD, lacked any legal or lawful basis, probable cause, or justification  to shoot, beat, brutalize, arrest and seize Plaintiff.

124.    The Defendant JOHN DOE POLICE OFFICERS having illegally and unlawfully shocked, beat, brutalized and arrested and imprisoned Plaintiff continued to violate the rights of the Plaintiff as well as the laws of the State of New York further when, while continuing the false imprisonment of Plaintiff, Defendant JOHN DOE POLICE OFFICERS unlawfully subjected Plaintiffs to additional battery.

125.    Defendant JOHN DOE POLICE OFFICERS  wrongfully, unlawfully and without privilege, consent, emergency, necessity, license or justification, forced Plaintiff to endure beating, electrical shock, and physical harm, to the severe extent of injury.  Plaintiff, at no time consented to such abuse or seizure of his person or property by Defendant JOHN DOE POLICE OFFICERS. Said actions by the JOHN DOE POLICE OFFICERS were intentional and aimed at injuring and causing Plaintiff to suffer harm, discomfort, pain and humiliation.

126.    Plaintiff SHUAY'B GREENAWAY was shocked, held against his will, threatened, and intimidated, and was caused to suffer the intense fear of bodily harm, to the extent that an

objective person in Plaintiff's position would be left in fear of such bodily harm. Plaintiff committed no violation or crime and was not charged with any violation or crime.

127.    Defendant JOHN DOE POLICE OFFICERS  did intentionally, beat, electrically shock, threaten, and intimidate Plaintiff, while placing him in fear of imminent danger and or bodily harm prior to and during said shocking and beating.  Plaintiff, in fact was subjected to great pain and physical injury by virtue of Defendant JOHN DOE POLICE OFFICERS' conduct, including but not limited to the unwarranted, unjustified, excessive, abusive wrongful and illegal use of a Taser weapon used on the Plaintiff by the Defendant JOHN DOE POLICE OFFICERS.

128.    As a result of said assault and battery,  Plaintiff suffered, physical harm, great emotional and psychological harm, anxiety, fear, terror, humiliation and degradation all as a direct result of Defendant JOHN DOE POLICE OFFICERS'  wrongful, unjustified and illegal conduct.

129.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

### AND AS FOR AN ELEVENTH  COUNT
### INTENTIONAL/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

130.    Plaintiffs repeat and reiterate and re-allege each and every allegation contained in paragraphs 1 through 129 of this complaint,  with the same force and effect as though fully set forth herein.

131.    The  Defendant  COUNTY  OF  NASSAU,  NASSAU  COUNTY  POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT,

VILLAGE OF HEMPSTEAD, through their conduct, acts and omissions as set forth in the above pleaded allegations, acted outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, kicking, stomping, electrically shocking and burning, mutilating, manhandling, false arrest, prolonged captivity, intimidation, public humiliation and killing of the Plaintiffs, and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiffs.

132. The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and INCORPORATED VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff, with full knowledge that their conduct would cause severe and extreme emotional harm to Plaintiff and to his close family members, including Plaintiff SHUAY'B GREENAWAY and with such extreme emotional harm being and/or negligently and recklessly visited upon Plaintiffs.

133. Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish, JOHN DOE POLICE OFFICEr's violent acts committed against him.

134. Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiffs personally suffered and continue to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, depression, headaches, sleep disturbances, and grief. Plaintiffs SHARON KNIGHT and AVERY KNIGHT further suffer the emotional and physical distress of intense stress, anguish and psychological trauma,

knowing that their son was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish by the Defendant JOHN DOE POLICE OFFICER's violent acts committed against him.

135.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of Defendants' acts, Plaintiffs suffered, and are entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AND AS FOR A TWELFTH COUNT
### TRESPASS

136.    Plaintiffs repeat and reiterate each and every allegation set forth in ¶¶ 1 through 135 inclusive of this complaint, with the same force and effect as though fully set forth herein.

137.    On or about April 25, 2010, Defendant Officers intentionally entered the Plaintiffs' residential premises located at 221 Amherst Street, Hempstead, NY with the permission of the Owners SHARON KNIGHT and AVERY KNIGHT.

138.    However, at some point in time after the JOHN DOE POLICE OFFICERS entered the residence on April 25, 2010, Plaintiffs SHARON KNIGHT and AVERY KNIGHT repeatedly requested that JOHN DOE POLICE OFFICERS exit their home and leave the premises.

139.    Despite Plaintiffs' numerous requests, Defendant JOHN DOE POLICE OFFICERS remained in the premises, damaged Plaintiffs' property and continued to violate Plaintiffs' rights.

140.    Defendants, by wrongfully entering upon the Plaintiffs' residential premises located at 221 Amherst Street, Hempstead, NY owned by Plaintiffs, intentionally and adversely interfered with Plaintiffs' constitutional rights, recklessly and/or intentionally damaged property in Plaintiff's residential home, with no justification and Defendants' adverse actions adversely affected Plaintiffs'

relationships with his neighbors.

141.   Defendants' intentional trespass was the proximate cause for the property damage and damage to reputation in community.

142.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Ten Million Dollars ($10,000,000.00).

## AND AS FOR A THIRTEENTH COUNT
## PUNITIVE DAMAGES

143.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 142 of this complaint with the same force and effect as though fully set forth herein.

144.   The acts of the individual defendants complained of herein were willful, wanton, malicious and oppressive.   They acted with callous disregard, recklessness and deliberate indifference toward the rights of the Plaintiffs and without concern for the damage they would cause. Defendants' acts were motivated by a desire to harm plaintiffs without regard for plaintiffs' well-being and were based on a lack of concern and ill will towards plaintiffs.   Such acts therefore deserve an award of Three Million Dollars ($3,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiffs demand judgment against defendants:

a.   On the First Count in the sum of Ten Million dollars ($10,000,000.00);

b.   On the Second Count in the sum of Ten Million dollars ($10,000,000.00);

c.   On the Third Count in the sum of Ten Million dollars ($10,000,000.00);

d.   On the Fourth Count in the sum of Ten Million dollars ($10,000,000.00);

e.   On the Fifth Count in the sum of Ten Million dollars ($10,000,000.00);

f.   On the Sixth Count in the sum of Ten Million dollars ($10,000,000.00);

g.      On the Seventh Count in the sum of Ten Million dollars ($10,000,000.00);

h.      On the Eighth Count in the sum of Ten Million dollars ($10,000,000.00);

i.      On the Ninth Count in the sum of Ten Million dollars ($10,000,000.00);

j.      On the Tenth Count in the sum of Ten Million dollars ($10,000,000.00);

k.      On the Eleventh Count in the sum of Ten Million dollars ($10,000,000.00);

l.      On the Twelfth Count in the sum of Ten Million dollars ($10,000,000.00);

m.      On the Thirteenth Count in the sum of Three Million dollars ($3,000,000.00);

n.      Award costs of this action including attorney's fees to the plaintiffs; and

o.      Award such other and further relief as this Court may deem appropriate.

Dated: April 25, 2011
Hempstead, New York

Respectfully submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

By:    VALERIE M. CARTRIGHT (VC7327)
*Attorneys for Plaintiffs*
556 Peninsula Boulevard
Hempstead, New York  11550
(516) 489-6959