UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHUAY'B GREENAWAY, SHARON KNIGHT,
and AVERY KNIGHT,

       Plaintiffs,    **DECISION AND ORDER**
             11-CV-2024 (WFK) (AKT)

  *-against-*

COUNTY OF NASSAU AND NASSAU
COUNTY POLICE OFFICERS SGT. VINCENT
PAPA, in his individual and official capacities,
P.O. RONALD SCHMITT, in his individual and
official capacities, P.O. CLARENCE HUDSON,
in his individual and official capacities, and
P.O. WILLIAM STIO, in his individual and
official capacities, INCORPORATED VILLAGE
OF HEMPSTEAD AND VILLAGE OF
HEMPSTEAD POLICE OFFICERS P.O. FRANE
REDO, in his individual and official capacities,
and P.O. WALTER OHR, in his individual and
official capacities,

       Defendants.
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs Shuay'b Greenaway, his mother Sharon Knight, and his stepfather Avery Knight (collectively "Plaintiffs") bring this suit under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and New York State common law, against the County of Nassau ("Nassau County"), Nassau County Police Officers Vincent Papa, Ronald Schmitt, Clarence Hudson, and William Stio, the Incorporated Village of Hempstead ("Hempstead"), and Hempstead Police Officers Frane Reado and Walter Ohr (collectively "Defendants"). The Village of Hempstead ("Hempstead"), Frane Reado, and Walter Ohr (collectively the "Hempstead Defendants") filed a motion for summary judgment on Plaintiffs' claims of false imprisonment and excessive force. Additionally, the Hempstead Defendants claim Reado and Ohr have qualified immunity. For the foregoing reasons, the Hempstead Defendants' motion is hereby DENIED in its entirety without prejudice.

## BACKGROUND

The events recounted below are undisputed or described in the light most favorable to Plaintiffs, the non-moving parties. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

1

On March 31, 2015, the Court denied the summary judgment motion filed in this case by Nassau County and Nassau Police Officers Papa, Schmitt, Hudson, and Stio (the "Nassau Defendants"). *Greenaway v. Cnty. of Nassau*, 11-CV-2024, 2015 WL 1509486 (E.D.N.Y. Mar. 31, 2015) (Kuntz, J.). The Court presumes familiarity with the incident of April 25, 2010 and the other facts of the instant case as described in that decision, and will not repeat them here. *Id.* at *1-4.

**Procedural History**

Plaintiffs filed a complaint on April 25, 2011, an amended complaint on January 17, 2012, and a second amended complaint on January 8, 2013. Dkt. 1; Dkt. 15; Am. Complaint; Dkt. 18 ("Second Am. Complaint"). Plaintiffs sue Reado and Ohr (the "Hempstead Police Officers") under 42 U.S.C. § 1983 for, *inter alia*, Fourth and Fourteenth Amendment violations including false imprisonment and excessive force. Second Am. Complaint at ¶¶ 117-138. Plaintiffs seek damages, including punitive damages, in the amount of fifty million dollars ($50,000,000). *Id.* at 48.

The Hempstead Defendants filed an answer on September 15, 2011, an answer to the amended complaint on February 29, 2012 (including a cross-claim against the Nassau Defendants), and an answer to the second amended complaint on May 3, 2013. Dkt. 9; Dkt. 23; Dkt. 44.

On September 20, 2013, the Hempstead Defendants filed their motion for summary judgment, Plaintiffs' memorandum in opposition to summary judgment, and the Hempstead Defendants' reply in support of summary judgment. Dkt. 50-15 ("SJ Motion"); Dkt. 53 ("Pl. Opp."); Dkt. 54 ("Def. Reply"). In their summary judgment motion, the Hempstead Defendants make the following claims: (1) the Hempstead Police Officers did not use excessive force on

Greenaway; (2) the Hempstead Police Officers did not falsely imprison Greenaway; and (3) the Hempstead Police Officers are entitled to qualified immunity. SJ Motion at 5-12.

## DISCUSSION

### I. Summary Judgment Standard.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (internal quotation marks and brackets omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party satisfies this burden, the non-moving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Importantly, if the evidence produced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

A summary judgment motion may be denied without prejudice. *See, e.g., Garnett-Bishop v. N.Y. Cmty. Bancorp., Inc.*, 49 F. Supp.3d 321, 328 (E.D.N.Y. 2014) (Spatt, J.).

II. **Analysis**

    **A. Parties Dispute Material Facts Regarding Plaintiffs' False Imprisonment Claims.**

The Court denied the Nassau Defendants' motion for summary judgment on Plaintiffs' false imprisonment claims, since the parties disputed material facts regarding whether the confinement of Plaintiff Greenaway was reasonable. *Greenaway*, 2015 WL 1509486 at *5-7. As to the Hempstead Defendants, the parties also dispute whether the Hempstead Police Officers confined Greenaway. The Hempstead Defendants claim they did not, and that only Schmitt, Stio, Hudson, and Papa (the "Nassau Police Officers") confined Greenaway. SJ Motion at 9, 11. Plaintiffs argue, citing Defendant Reado's deposition, that it was Defendant Reado who determined Greenaway should be confined. Pl. Opp. at 5. Furthermore, Plaintiffs argue, citing their own testimony and Defendant Reado's deposition again, that the Hempstead Police Officers were involved in physically restraining Greenaway and confining him to the bathroom, while forcing Mrs. Knight and her husband Avery Knight aside. Dkt. 52 ("Pl. Counter-Statement") at ¶¶ 95, 106, 127, 128; Pl. Opp. at 16-17. The Hempstead Defendants do not counter Plaintiffs' claims. Accordingly, the Court finds genuine issues of material fact regarding whether the Hempstead Police Officers confined Greenaway. The Court hereby DENIES the Hempstead Defendants' motion for summary judgment on Plaintiffs' false imprisonment claims, without prejudice.

### B. Parties Dispute Material Facts Regarding Plaintiffs' Excessive Force Claims.

The Hempstead Police Officers did not tase Greenaway, a fact no party disputes. SJ Motion at 5; Pl. Opp. at 17-18. As such, the Hempstead Police Officers can only be liable for Greenaway's tasing if (1) the tasing qualifies as use of excessive force in violation of Greenaway's constitutional rights, and (2) the Hempstead Police Officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 21 (2d Cir. 2012) (internal quotation marks and citations omitted).

In the instant case, the Court has found genuine disputes of material fact regarding whether Greenaway's tasing qualified as use of excessive force. *Greenaway*, 2015 WL 1509486 at *7-9. Plaintiffs also argue, citing in support depositions from the Hempstead and Nassau Police Officers, that the Hempstead Police Officers had realistic opportunities to intercede, but instead facilitated the tasing. Pl. Opp. at 15-19; Dkt. 51-6 ("Hudson Dep.") at 67:8 to 69:22; Dkt. 51-10 ("Arce Dep.") at 117-120. The Hempstead Defendants do not deny that the Hempstead Police Officers had realistic opportunities to intercede. Instead, they argue the tasing was objectively reasonable, an issue the Court has already found to be clouded with genuine disputes of material fact. SJ Motion at 8; *Greenaway*, 2015 WL 1509486 at *7-9. Accordingly, the Court cannot, at this time, find that the Hempstead Police Officers lacked a realistic opportunity to intercede. The Court hereby DENIES the Hempstead Defendants' motion for summary judgment on Plaintiffs' excessive force claims, without prejudice.

### C. The Hempstead Police Officers' Claim of Qualified Immunity is Hereby Denied.

The Hempstead Police Officers claim they are entitled to qualified immunity, arguing there was an objectively reasonable basis to confine and tase Greenaway. SJ Motion at 12. A government official has qualified immunity "if his conduct did not violate clearly established rights or if it would have been objectively reasonable for the official to believe his conduct did not violate plaintiff's rights." *Harris v. O'Hare*, 770 F.3d 224, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). Courts evaluating qualified immunity engage in a "two-pronged inquiry. The first prong asks whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right. The second prong of the qualified-immunity analysis asks whether the right in question was clearly established at the time of the violation." *Garcia v. Dutchess Cnty.*, 43 F. Supp. 3d 281, 289 (S.D.N.Y. 2014) (Stein, J.) (internal quotation marks, brackets, and citations omitted).

In the instant case, the Court denied the Nassau Police Officers' claim of qualified immunity. *Greenaway*, 2015 WL 1509486 at *12-13. The Court found that if Greenaway posed no immediate threat to himself or others, then the Nassau Police Officers' conduct violated federal rights clearly established as of April 25, 2010. *Id.* at *13. Furthermore, the Court found significant factual disputes about whether Greenaway was a threat to anyone. *Id.*

Drawing all inferences in favor of Plaintiffs, there are significant disputes of fact as to whether the Hempstead Police Officers were involved in Greenaway's confinement or realistically could have intervened in his tasing. *See* Sections II.A and II.B, *supra*. If the Hempstead Police Officers were involved in Greenaway's confinement, or realistically could have intervened in his tasing, their conduct violated federal rights clearly established as of April

25, 2010. *Greenaway*, 2015 WL 1509486 at *12-13; *see also Tolan v. Cotton*, 134 S.Ct 1861, 1866 (2014) (Courts evaluating qualified immunity must "draw[] inferences in favor of the nonmovant, even when . . . a court decides only the clearly-established prong of the standard" and must "take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions.") (internal citations omitted).

Therefore, the Hempstead Defendants' motion for summary judgment that the Hempstead Police Officers have qualified immunity is hereby DENIED without prejudice.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court hereby DENIES the Hempstead Defendants' summary judgment motion in its entirety, without prejudice.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 24, 2015
Brooklyn, New York